## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| MARIA BOWMAN,<br><br>    Plaintiff,<br><br>v.<br><br>ST. ANTONY'S GROUP, INC. d/b/a BP QUICK MART, ABRAHAM KALATHIL, JAIN STEPHEN, and JAIS STEPHEN,<br><br>    Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Maria Bowman ("Plaintiff") brings this action against Defendants St. Antony's Group, Inc. d/b/a BP Quick Mart ("St. Antony's"), Abraham Kalathil, Jain Stephen, and Jais Stephen (collectively, "Defendants"). In violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), Defendants willfully failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) per week. Instead, Defendants paid Plaintiff straight time for all hours worked. Plaintiff shows the Court as follows:

1

## NATURE OF THE ACTION

1. Plaintiff alleges that she is entitled to (a) unpaid overtime wages for time that she worked in excess of 40 hours per week for which Defendants failed to pay her at one-and-one-half her regular rate, (b) liquidated damages, (c) interest, and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over this Complaint.

3. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.1(B) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Atlanta Division of the Northern District of Georgia, where St. Antony's Principal Office Address is located, and where Defendants employed Plaintiff.

## PARTIES

4. Plaintiff is a resident of the State of Georgia; she submits herself to the jurisdiction of this Court.

5. Plaintiff was employed by Defendants from approximately 2016 until approximately March 2021. Her last position was Manager.

6. Plaintiff was Defendants' "employee" within the definition of the FLSA at all times relevant to this Complaint.

7. St. Antony's is a Georgia for-profit corporation. Its principal office address is 1780 S. Zack Hinton Parkway, McDonough, Georgia 30253.

8. St. Antony's may be served with process through its registered agent, Umang Thakkar, at 4080 McGinnis Ferry Road, Suite 204, Alpharetta, Georgia 30005.

9. Upon information and belief, St. Antony's had gross annual revenues in excess of $500,000.00 at all relevant times.

10. Defendant Abraham Kalathil was an owner of St. Antony at all times relevant to this Complaint and conducted business in the Northern District of Georgia. On information and belief, Kalathil is a Georgia resident and may be served with process at his business or residential address.

11. Defendant Jain Stephen was an owner of St. Antony at all times relevant to this Complaint and conducted business in the Northern District of Georgia. On information and belief, Jain Stephen is a Georgia resident and may be served with process at his business or residential address.

12. Defendant Jais Stephen was an owner of St. Antony at all times relevant to this Complaint and conducted business in the Northern District of Georgia. On

information and belief, Jais Stephen is a Georgia resident and may be served with process at his business or residential address.

13.   At all relevant times, Defendants Abraham Kalathil, Jain Stephen, and Jais Stephen were "employer[s]" of Plaintiff within the meaning of the FLSA because they each: asserted control of St. Antony's day-to-day operations; had ultimate responsibility for the supervision of Plaintiff; and made the decision not to pay Plaintiff overtime wages, as required by the FLSA.

14.   At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

## STATEMENT OF FACTS

15.   Defendants operate several liquor stores and gas stations in and around Henry County, Georgia.

16.   Plaintiff is a former hourly employee of Defendants and worked at a variety of stores owned and operated by Defendants.  Plaintiff was employed by Defendants as a Manager from approximately 2016 until approximately March 2021.

17.   Throughout her employment with Defendants, Plaintiff worked between approximately 70 and 85 hours per week.  However, despite working

substantial hours in excess of 40 each week, Defendants only paid Plaintiff straight time for all time worked.

18. Pursuant to an unlawful policy and practice applied to Plaintiff, Defendants recorded that she worked fewer than 40 hours each week in Defendants' payroll system. Defendants then paid Plaintiff straight time in cash for any time worked in excess of her recorded hours, including all overtime hours.

19. Plaintiff's last hourly rate was $15.00.

20. Plaintiff repeatedly complained about Defendants' failure to pay her overtime, including to Defendant Kalathil. However, Kalathil told Plaintiff that she knew that Defendants would not pay her overtime regardless of the number of overtime hours that she worked.

21. In approximately May 2021, Defendants sold the store location at which Plaintiff worked, at which time Plaintiff began working for the new owner.

22. Defendants knew or should have known that Plaintiff worked substantial hours in excess of 40 hours per week during her employment with Defendants because, among other things, Plaintiff complained to Defendant Kalathil about not receiving overtime pay for time worked in excess of 40 hours per week, and Defendants purposefully paid Plaintiff straight time in cash for all overtime hours that Plaintiff worked.

23. Defendants did not compensate Plaintiff for all time worked in excess of 40 per week at the rate required by the FLSA, which is one-and-one-half her regular rate of pay.

24. In addition, Defendants violated the FLSA by failing to maintain accurate and/or complete records of Plaintiff's time worked.

25. Defendants' failure to pay Plaintiff one-and-one-half her regular rate of pay for all hours worked in excess of 40 per week was pursuant to a policy and practice that Defendants intentionally applied to Plaintiff.

26. Defendants' FLSA violations were willful and not in good faith.

## COUNT I
## Willful Failure to Pay Overtime Wages in Violation of the FLSA

27. Defendants violated the FLSA by failing to pay Plaintiff overtime at a rate of one-and-one-half her regular rate for all hours worked in excess of 40 per week.

28. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

29. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

30. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

31. Plaintiff regularly worked substantial hours in excess of 40 per week during the relevant time period. During this time period, she worked between approximately 70 and 85 hours per week.

32. Throughout the relevant time period, Defendants failed to pay Plaintiff at one-and-one-half her regular rate of pay for all hours worked in excess of 40 per week. Instead, Defendants paid Plaintiff straight time for all hours worked.

33. As a result of Defendants' willful failure to compensate Plaintiff at a rate of one-and-one-half her regular rate for hours worked in excess of 40 per week, Defendants violated the FLSA.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

35. Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

36. Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages for all of the hours that she worked in excess of 40 per week, an additional and equal amount as liquidated damages, interest, and reasonable attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and entry of judgment granting the following relief:

a) A declaratory judgment that Defendants' failure to pay overtime to Plaintiff violated the FLSA;

b) Application of the FLSA's three-year statute of limitations;

c) An award of all unpaid overtime compensation due under the FLSA;

d) An award of liquidated damages;

e) Attorneys' fees and costs;

f) An award of prejudgment and post-judgement interest; and

g) All further relief as this Court deems just and proper.

Respectfully submitted, this 30th day of September 2021.

/s/ *Michael D. Forrest*
Michael David Forrest
Georgia Bar No. 974300
Justin M. Scott
Georgia Bar No. 557463
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff